**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| ALEXANDER GAYLES, #Y48595, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 25-cv-02078-SMY |
| | ) | |
| DR. WHEALAN, and | ) | |
| WEXFORD HEALTH SOURCES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**YANDLE, Chief District Judge:**

Plaintiff Alexander Gayles, an inmate of the Illinois Department of Corrections ("IDOC") currently housed at Kewanne Life Skills Re-entry Center, filed the instant amended complaint pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights related to a burn. Plaintiff seeks monetary damages. (Doc. 7). The Amended Complaint is now subject to preliminary review under 28 U.S.C. § 1915A, which requires the Court to dismiss any portion that is legally frivolous or malicious, fails to state a claim for relief, or seeks money damages from an immune defendant. *Id.*

### The Amended Complaint

Plaintiff makes the following allegations in the Amended Complaint (Doc. 7 at 3): Plaintiff was boiling water to cook his meal on May 20, 2025, at Centralia Correctional Center. *Id.* When Plaintiff was pouring the boiling water in a bowl, he accidentally knocked over the pot and spilled the boiling water on his right shin and foot.

After being rushed to the prison medical unit, Nurse Chris told Plaintiff that he needed to see a burn specialist because of the third-degree burns on his foot. Dr. Whealan saw Plaintiff on

1

May 23, 2025 and told the prison medical staff not to send Plaintiff to see an outside specialist. Nurse Chris told Plaintiff he did not understand Dr. Whealan's order because Plaintiff "definitely needed to see a burn specialist." Nurse Chris placed Plaintiff in a wheelchair and held him for observation for seventy-two hours. When Nurse Chris put Plaintiff in a cold shower, it increased Plaintiff's pain. Plaintiff was given Tylenol, but it did not lower his pain. The skin was falling off Plaintiff's leg from the burn, and the pain made it impossible for Plaintiff to walk. Plaintiff received Keflex and an antibiotic on May 21, 2025 because his foot was infected. *Id.*

Plaintiff stopped receiving Tylenol after three days but was given ibuprofen, Motrin, and acetaminophen for a week. *Id*. After running out of pain medication, Plaintiff requested more but the prison medical staff did not give him any more medication. They told Plaintiff that he was not to receive Tylenol because it had codeine in it. Plaintiff also learned he was supposed to receive pain medication for twelve months because of his burns. Dr. Whealan told Plaintiff to "manage through the pain" because he was not going to give Plaintiff more pain medication. After begging the Wexford staff members, Plaintiff received low dosage pain medication during dressing changes, but it was not very effective at managing his pain. According to Plaintiff, Dr. Whealan and the Wexford staff members "did a poor job of managing [his] injury." *Id*.

Based on the allegations, the Court designates the following claims in this *pro se* Amended Complaint:

Count 1:     Eighth Amendment deliberate indifference to serious medical needs claim against Dr. Whealan for managing the care of Plaintiff's burns poorly.

Count 2:     *Monell* claim against Wexford for how its staff managed Plaintiff's burns.

Any other claim that is mentioned in the Amended Complaint but not addressed in this Order is dismissed without prejudice as inadequately pled under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

**Preliminary Dismissal**

Federal Rule of Civil Procedure 10(a) requires a plaintiff to name all parties in the case caption. *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005). Though Plaintiff discusses several interactions with Nurse Chris in his factual allegations, he did not name him as a defendant in the case caption. Therefore, the claims against Nurse Chris are considered **DISMISSED without prejudice**.

**Discussion**

**Count 1**

Prison officials and medical staff violate the Eighth Amendment's prohibition against cruel and unusual punishment when they act with deliberate indifference to a prisoner's serious medical needs. *Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017). To state such a claim, a prisoner must plead facts and allegations suggesting that (1) he suffered from an objectively serious medical condition, and (2) the defendant acted with deliberate indifference to his medical needs. *Id.*

An objectively serious condition includes a condition that significantly affects an individual's daily activities or which involves chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). Deliberate indifference occurs when a defendant knows about and disregards an excessive risk to inmate health. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). The Eighth Amendment does not entitle prisoners to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997).

The allegations in the Amended Complaint are sufficient for Plaintiff to proceed on his deliberate indifference claim in Count 1 against Dr. Whealan. Plaintiff describes an objectively serious medical need after he burned his foot and shin. He alleges that Dr. Whealan saw him three

3

days after he suffered the burns and despite Plaintiff having third-degree burns and an infected wound, Dr. Whealan refused to send him to an outside specialist or otherwise treat his pain. Thus, Plaintiff states a colorable claim against Dr. Whealan. Count 1 will proceed beyond screening.

### Count 2

Wexford is a private corporation that cannot be held liable under § 1983 unless the alleged violation was caused by an unconstitutional policy or custom of the corporation itself. *Shields v. Ill. Dept. of Corr.*, 746 F.3d 782, 789 (7th Cir. 2014) (citing *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658 (1978)). Here, Plaintiff has not identified any policy or custom that allegedly caused Wexford's staff to mismanage his burns. Plaintiff's allegations relate to the individuals that worked for Wexford, not to any custom or policy of Wexford itself. Plaintiff's allegations against Wexford are precisely the kind of "naked assertion[s] devoid of further factual enhancement" that do not suffice under *Ashcroft v. Iqbal*. 556 U.S. 662, 678 (2009). Therefore, Count 2 will be dismissed without prejudice.

### Disposition

The Amended Complaint (Doc. 7) states a colorable claim in Count 1 against Dr. Whealan (individual capacity). Count 2 and Defendant Wexford are **DISMISSED** from the Amended Complaint without prejudice.

The Clerk shall prepare for Dr. Whealan: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant,

and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244 and Local Rule 8.2, Defendants need only respond to the issues stated in this Merit Review Order**.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

Finally, based on the allegations in the Amended Complaint, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance

Portability and Accountability Act.

      **IT IS SO ORDERED.**

      **DATED:  June 8, 2026**

**STACI M. YANDLE**
**Chief United States District Judge**

6

## Notice to Plaintiff

The Court will take the necessary steps to notify the Defendant of your lawsuit and serve him with a copy of your Amended Complaint. After service has been achieved, Defendant will enter an appearance and file an Answer to your Amended Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendant's Answer, but it is entirely possible that it will take **90 days** or more. When Defendant has filed his Answer, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendant before filing any motions, to give the Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel have filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.